

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00217-CR

PHYLLIS GWEN PRUITT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 44139-B

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Phyllis Gwen Pruitt entered an open plea of guilty to the offense of possession of methamphetamine in an amount of less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010). After receiving her written stipulation of evidence and judicial confession to the crime, the trial court sentenced Pruitt to fifteen months' incarceration. Pruitt appeals.

Pruitt's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the course of the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On February 24, 2015, counsel mailed to Pruitt a copy of the brief, the appellate record, and the motion to withdraw. By letter, counsel informed Pruitt of her right to review the record and file a pro se response. Counsel informed Pruitt that any pro se response was due within thirty days of February 24, 2015. Pruitt has neither filed a pro se response, nor requested an extension of time in which to file such a response.

In *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). We note that the trial court's judgment of conviction indicates the wrong statute for the offense of which Pruitt was charged and convicted. Although Pruitt was convicted of possession of methamphetamine in an amount of less than one gram, an offense defined by Section 481.115(b) of the Texas Health and Safety Code, the judgment recites Section 481.115(c) as the "Statute for Offense." *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b), (c) (West 2010). We, therefore, modify the judgment by replacing "481.115(c)" with "481.115(b)" to reflect conviction under the correct statute.

We have otherwise determined that this appeal is wholly frivolous and that no reversible error exists. We have independently reviewed the clerk's and the reporter's records, and we agree that no other arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

3

We affirm the trial court's judgment, as modified.[1]

                                              Bailey C. Moseley
                                              Justice

Date Submitted:     May 4, 2015
Date Decided:       May 5, 2015

Do Not Publish

---

[1]Since we agree this case presents no reversible error, we also, in accord with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.